## JAMES I. MEAD v. CITY OF LANSING.

*Claim against municipality—Excessive tax.*

56  601
75  442
56  601
102  305
56  601
111  689

The charter of Lansing provides that no claim can be prosecuted against the city that has not previously been presented to the common council with an affidavit in support of it. *Held,* that this applies to a claim against the city to have a tax refunded that has been paid under protest.

Error to Ingham. (Gridley, J.) Jan. 22.—May 13.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*M. V. & R. A. Montgomery* for appellant.

*A. F. Rouse* and *E. C. Chapin* for appellee.

COOLEY, C. J. Assumpsit is brought in this case to recover back taxes paid under protest. The facts developed on the trial are the following:

Prior to September 22, 1879, plaintiff was owner of lot 8, block 246, in the city of Lansing, which fronted 473 feet on Shiawassee street, and had on one end a brick grist-mill occupying 86 feet front. This mill, on the day named, plaintiff conveyed to his son Fred. Mead. When Mr. Moore, the city assessor, was making the assessment for the ensuing year, he called on plaintiff and inquired if his property to be assessed was the same as the last year, and plaintiff told him it was, with the exception of the mill, which had been deeded to Fred. Mr. Moore asked plaintiff if he could give him the number of feet front which had been deeded, and he replied he could not, and Fred. would have to be called upon for the purpose. Mr. Moore did call upon Fred., who said he could not then furnish the information, but promised, as Moore testified, to bring it to him at his office. He did not do so, however, and Moore, after again calling upon plaintiff and failing to learn how much had been conveyed, assessed the whole lot to the plaintiff. When plaintiff was called upon for the taxes he refused at first to pay, but

finally paid, after levy upon goods and under protest, a sum determined by the proportion of street front which he still retained of the lot, being $278.25 of a total of $339. The evidence in the case is that the part conveyed to Fred., including the mill, is at least half the value of the whole lot, and some of the evidence is that it is two-thirds the whole value. After the payment, the plaintiff served on the city treasurer a written demand for the repayment of the taxes, stating therein that " this demand is made for the reason that said sums were each and all paid by me under protest, with knowledge or belief that the demand was illegal, and after levy upon my goods, and under duress." The city treasurer replied in writing, stating that " not being able to get the views of our city attorney, I will simply refuse payment of said moneys on said request, believing that under the charter I have no right to pay over any moneys without a proper order from the city council, signed by its clerk and countersigned by its auditor, except in cases expressly authorized otherwise. See charter of the city."

This suit was instituted without any further demand, and without bringing the matter to the attention of the city council. The circuit judge held the action not maintainable, and directed a verdict for the city.

The question principally discussed in this case is whether it is a necessary prerequisite to any such suit that a claim for the refunding of the taxes should be presented to the city council for its allowance.

The charter of Lansing provides that " The council shall audit and allow all accounts chargeable against the city ; but no account, or claim, or contract shall be received for audit or allowance, unless it shall be accompanied with an affidavit of the person rendering it, which affidavit may be taken and certified by any member of the common council, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city, that the sums charged therefor are reasonable and just, and that to the best of his knowledge and belief no set-off exists, nor payment has been made on account thereof, except

such as are indorsed or referred to in such account or claim. And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city, that it has never been presented, verified as aforesaid, to the council for allowance; or, that the claim was presented without the affidavit aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it." Local Acts 1875, p. 168. If this section applies to a claim for the refunding of taxes, the plaintiff's action must fail, for no attempt has been made to comply with it.

A similar question arose in *Detroit v. Michigan Paving Co.* 38 Mich. 358, where the failure to present the claim to the city council before bringing suit was held fatal to the action. The provision in the city charter, then under con_ sideration, was essentially the same with the one in the Lansing charter; but plaintiff seeks to distinguish it by showing that the claim in that case was upon contract, and he insists that only claims arising upon contract, express or implied, were intended by the section above recited. But in *Louden v. East Saginaw* 41 Mich. 18, a similar provision was applied to a claim for the refunding of illegal taxes, and we have no doubt the Legislature intended the scope of the section to be as broad as the jurisdiction of the council to consider and pass upon claims.

The claim in this case was one which it was peculiarly proper should be submitted to the council for adjustment and allowance. The plaintiff had no just claim to have the whole sum he had paid refunded; a part of it, proportioned to the value of the land he retained, it was just that he should pay. But a court or jury was not the proper tribunal to which to submit a question of valuation, when it was a valuation in the nature of an assessment for taxation; the city assessor was the proper judge, and if, through his error or mistake, it became necessary to appeal to some other authority, the proper authority was obviously the common

council, which must be supposed to be familiar with local values. And the Legislature would not have been at all likely to use language with deliberate intent which would permit such claims to be sued without the council being first appealed to. We think, in this case, they have purposely employed language which will cover all such claims.

Some other objections are made to the plaintiff's case, and it is contended for the city that the assessor, after failing to obtain a description of the parcel sold, was justifiable in making the assessment as he did. But as the point already discussed is fatal to the suit, nothing remains but to

Affirm the judgment.