157 So. 444

**NATIONAL BANK OF BOAZ v.**
**MARSHALL COUNTY.**

**8 Div. 580.**

Supreme Court of Alabama.

Nov. 1, 1934.

Oliver D. Street, of Guntersville, and Thos. E. Orr, of Albertville, for appellant.

D. Isbell, of Guntersville, for appellee.

**BROWN, Justice.**

This is an action of indebitatus assumpsit, by the appellant against the appellee, the county of Marshall, to recover money paid as taxes assessed against plaintiff's capital stock as a national bank for the years 1926 to 1930, inclusive.

The complaint as originally filed consisted of the common counts for money had and received, as to each of said years; but these counts were abandoned by amendment, and special counts substituted therefor. To these counts the county filed demurrers, which were sustained by the court, and the plaintiff refused to plead further, took a nonsuit, and has appealed.

The averments of the special counts are identical, except as to the amount claimed and the year in which the tax was paid.

Count A claims $429, and avers that the tax was assessed by the proper tax authorities "against each of the owners of shares of stock in plaintiff association on the shares owned by them respectively to be paid by plaintiff, and that demand for the payment of said taxes was made by the tax collector of said county on the plaintiff, accompanied by the threat that if the same were not paid he would levy a writ on the property of the plaintiff and sell the same for the payment of said taxes; said taxes were illegal and void for that said taxes so imposed and assessed against said stockholders on said shares of stock were at a greater rate than was assessed by said tax authorities for the same tax period upon other monied capital in the hands of individual citizens of the State of Alabama, coming into substantial competition during said period with the business of national banks in the territory wherein plaintiff did business during said period, and that, after said demand and threats were made in compliance therewith, plaintiff did on the ——— day of ———, 1926, pay to said tax collector for Marshall County, the said sum above named in said satisfaction of said alleged taxes, and that same was paid to and received by said county."

The demurrers to said counts take the points that "for aught that appears from the complaint the alleged taxes were voluntarily paid without objection or protest," and fail to show that the claim was presented to the commissioners' court or the Board of Revenue of Marshall County, Ala., before the bringing of this suit and said claim or demand either reduced or payment thereof refused before the commencement of this suit, as is provided by section 5680 of the Code of 1923.

■ Construing the averments most strongly against the pleader, as must be done on demurrer, it will be assumed that the money paid was paid under the law "relating to taxes paid to the * * * general fund of the county," and therefore not within the influence of the provisions of section 3144 of the Code, which relieve a claimant from showing that the payment was not made "under compulsion or protest." Norwood v. Goldsmith, Treasurer, et al., 168 Ala. 224, 53 So. 84.

■ It is a well-settled general principle of the common law that in the absence of fraud, money paid to satisfy a colorable demand to a person who has a colorable legal right to receive it may not be recovered back in an action of indebitatus assumpsit, unless the money is paid under duress of person or goods, and the mere fact that it was paid under protest will not render it involuntary. Glass & Co. v. Haygood, 133 Ala. 489, 31 So. 973; Prichard v. Sweeney, 109 Ala. 651, 19 So. 730.

So, also, "where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed to be voluntary, and cannot be recovered back. And the fact that the party, at the time of making the pay-

ment, files a written protest does not make the payment involuntary." Lamborn v. Dickinson County Commissioners, 97 U. S. 181, 187, 24 L. Ed. 926; Union Pacific Railroad Company v. Dodge County Commissioners, 98 U. S. 541, 25 L. Ed. 196.

If it be conceded that the rule of our decisions as applied to the payment of taxes is somewhat more liberal, to quote from Raisler v. Mayor and Council of Athens, 66 Ala. 194, 198: "What is a voluntary payment, in the case of taxes, is not always so clear. But it must be made under circumstances tantamount to legal compulsion—either to release a seizure already made under a tax-warrant, or to prevent one which is immediately apprehended. If a demand is made by the collecting officer, accompanied by a threat to levy for sale in case of refusal, or any equivalent expression of intention, and a payment made under protest, with notice that suit will be instituted to recover back the taxes thus paid, we think this is sufficient to show that the payment was involuntary, as being under compulsion. It is not necessary to await an actual seizure," the averments of the several counts do not bring the case within this rule. There is an absence of averment that the payment was made under protest, or that the tax collector was armed with a writ authorizing an immediate levy. In fact the several counts fail to aver the date of payment, or that the taxes were due and delinquent.

"A threat to enforce payment of a void tax when the collector has no authority to proceed immediately with the sale or seizure of the taxpayer's property, however, is not such coercion as will render the sale (payment) other than voluntary." 26 R. C. L. p. 457, § 412; Raisler v. Mayor and Council of Athens, supra.

There is no such inconsistency between the provisions of sections 3144, 3145, and section 5680 of the Code of 1923, as would justify the conclusion that the latter section was repealed by implication. The incorporation of these sections into the Code, as one general system of law, requires that they be construed in pari materia.

A claim for the refund of taxes not within the influence of sections 3144, 3145, is a claim within the provisions of section 5680, which provide that "suit must not be brought against a county until the claim has been presented to the court of county commissioners, and disallowed or reduced."

Shelton, Tax Collector et al. v. Blount County, 202 Ala. 620, 81 So. 562; Mead v. City of Lansing, 56 Mich. 601, 23 N. W. 444; Crittenden v. City of Mt. Clemens, 86 Mich. 220, 49 N. W. 144; Henry v. City of Lincoln, 93 Neb. 331, 140 N. W. 664, 50 L. R. A. (N. S.) 181.

Our judgment is that the grounds of the demurrer stated above were well taken, and the demurrer was sustained without error. Scarbrough et al. v. Watson, 140 Ala. 349, 37 So. 281.

Affirmed.

ANDERSON, C. J., and THOMAS, and KNIGHT, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes