7 So.2d 567

**H. A. EDWARDS INS. AGENCY et al. v. JONES.**

**6 Div. 980.**

Supreme Court of Alabama.
April 16, 1942.

Partlow, LeMaistre & Clement, of Tuscaloosa, for appellants.

F. F. Windham and Lee Buer, both of Tuscaloosa, for appellee.

FOSTER, Justice.

This is a suit on the common counts by appellee against appellants for $193.92.

Prior to February 23, 1934, appellant Edwards Insurance Agency, Inc., obtained from the Southern Building and Loan Association a certain item of realty or a mortgage debt on it. It is not clear what was its exact status: That is, whether the mortgage had been foreclosed and the redemption period had expired or not. But it is agreed by the witnesses for both parties that the Edwards Insurance Agency, Inc., had acquired the rights of the building and loan association. On that day the agency agreed to accept from Home Owners Loan Corporation $655 less cost of negotiating a loan by it to appellee in full settlement of the claim, and for that sum agreed to release all claims which it had against said property. Appellee testified that he owed on the debt $900 to $1,000, and that Edwards, president of the agency, agreed to accept that amount in settlement of the debt. Mr. Edwards testified that the amount of the debt was approximately $1,400, and that he had an agreement with appellee that if he would reduce the indebtedness by $400, Edwards Insurance Agency would accept Home Owners Loan Corporation bonds of $600 plus, and that appellee instructed him to get a loan for appellee of $400, which he did from appellant Collateral Investment Corporation, which was one of which Edwards was also president; that said amount was paid by that corporation to the agency; that the loan by Home Owners Loan Corporation was closed June 27, 1934, when a deed was made by the agency to appellee, and at that time on the request of Edwards, appellee executed a note for $400 to the investment company. He made payments on that note March 3, 10, 24 and 31, 1934, of $193.92, for the recovery of which this suit is being prosecuted.

Appellee testified that Edwards did not tell him the indebtedness would have to be reduced before he would accept the Home Owners Loan Corporation bonds. But that he signed the $400 note and knew that was the difference between the Home Owners Loan Corporation loan and the building and loan association debt; that he paid $193.-32 (or $193.92) on the note, and that is the amount sought to be recovered, and for which judgment was rendered against both defendants—the insurance agency and the investment company. It seems that both companies were treated by plaintiff and the court as but a single person in the dealings, and as though Edwards was their alter ego,

626

and no contrary contention is made by appellants.

The plaintiff based his claim on the contention from the evidence which we have summarized that the transaction in one aspect and on plaintiff's theory of it showed that there was an accord and satisfaction of the debt by the acceptance in full of the $600 plus, and that there was no consideration for the $400 note, and that the payments made on it under those circumstances were subject to recovery, though voluntary. There is no claim that the note was procured by fraud or mistake of fact or by duress of any kind, or that the payments sought to be recovered were made under any such influence. In fact, the contrary affirmatively appears.

Appellee testified as follows: "That on June 27, 1934, Mr. Edwards called me in his office and told me he had received the money from the H. O. L. C. but it was not sufficient for paying but a part and I would have to pay the balance and asked me what was the balance. At that time it was my understanding I would not have to pay any more except what the company paid him. He asked me to sign a note for $400.00 and in the beginning I refused to sign it. After I had seen Mr. Partlow and talked to him, he told me to pay some and not much, and I went back and told Mr. Edwards if I had to pay some I would pay it all, and I made a note for $400.00."

 The suit is for the recovery of money voluntarily paid by plaintiff. It is not by the payee of the note given for the balance, after an accord and satisfaction, which the authorities seem to hold cannot be maintained for want of consideration. 17 A.L.R. 1335 (2). But to justify a recovery for money voluntarily paid without a legal consideration the payment must have been the result of compulsion, extortion, oppression, fraud (4 Amer.Jur. 513, section 23) or mistake of fact (4 Amer.Jur. 514, section 24; 21 R.C.L. 164, section 191).

For the rule is well settled that a person cannot recover back money which he has voluntarily paid with full knowledge of all the facts, without fraud, duress or extortion in some form. Town Council of Cahaba v. Burnett, 34 Ala. 400; 48 Corpus Juris 734, et seq.; Rice v. Tuscaloosa County, ante, p. 62, 4 So.2d 497; National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444; Prichard v. Sweeney, 109 Ala. 651, 657, 19 So. 730.

Appellant also makes some claim of illegality of the transaction under some federal act not clearly pointed out, and that by reason of such illegality, plaintiff cannot recover payments made in the performance of such illegal transaction. But we will not enter into a discussion of that contention. It was not made on the trial and not necessary to a discussion of the case on this appeal.

Since plaintiff's evidence shows that the payments sought to be recovered were voluntarily made without duress, fraud or mistake of fact or any form of undue influence sufficient in law to justify such recovery, the appellants were entitled to the affirmative charge as requested.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and BROWN, JJ., concur.