10 So.2d 51

**CLIFTON v. CURRY et al.**

6 Div. 865.

Court of Appeals of Alabama.
Oct. 6, 1942.

Gen., and Wm. S. Pritchard, of Birmingham, for appellees.

Basil A. Wood and John T. Batten, both of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., John W. Lapsley and J. Edw. Thornton, Asst. Attys.

SIMPSON, Judge.

From an adverse judgment in the lower court, the plaintiff, Virgil Clifton, brings this appeal.

Clifton was the owner of the real estate involved but failed to pay the taxes thereon for the year 1933. In 1934 the property was sold to satisfy this tax lien

and at the sale, there·being no other bidders, the State became the purchaser, pursuant to the requirement of the statute. Thereupon, the usual "Certificate of Land Sale for Taxes" was duly issued by the judge of probate reciting the necessary jurisdictional facts and showing that the State had become such purchaser.

Thereafter, the agent of the State Land Commissioner directed a letter to Clifton as follows:

"The State of Alabama owns the house in which you are living and it will be necessary for you to pay rent to Mr. Bob Borders, c/o R. A. Brown & Co., 2012 First Ave., No. as he will collect for us.

"If you do not do this immediately, it will be necessary for you to vacate the property at once."

In response to this letter, Clifton went to Borders' office and, upon being informed that the State was taking "charge" of the property, he, Clifton, agreed to rent it from the State and executed a written lease for this purpose, all the while remaining in possession. He paid rent under this lease until the mortgagee of the property redeemed it from the State.

The execution of the lease by Clifton and his agreement to pay the rent were entirely voluntary. He was not induced to do so by duress or fraud. It appears that he consented to this (constructive) disseizin of the property because of the tax sale and the asserted ownership thereof by the State.

The contention later developed that there were certain irregularities in the tax sale (not necessary to here consider) which rendered the sale void, so the present suit against the State agents, as individuals, was instituted (1) for damages for trespass to the property and (2) for the rent Clifton paid to said agents under the aforesaid lease.

The two counts of the complaint upon which recovery was sought are Counts 1 and 3, counting respectively for trespass quare clausum fregit and for money had and received.

There are several assignments of error, but, boiled down, there are only two controlling matters for our determination: The first, whether (assuming the tax sale to have been void) the trespass action was maintainable·and, second, was the plaintiff, under the facts stated, entitled to recover the rents voluntarily paid to the State Land Commissioner? We treat these two questions in order.

There is no basis for an action of trespass quare clausum fregit under the facts proven. Such an action is ·not sustainable unless the plaintiff's possession has been violated by a disseizin not consented to by him. Alexander v. Letson, 242 Ala. 488, 7 So.2d 33, 34, 36. Here it appears that the plaintiff consented to the taking over of the property by the State and voluntarily executed the lease.

The following from Alexander v. Letson, above, is conclusive of the point: "And an action for trespass quare clausum fregit will not lie unless plaintiff's possession was intruded upon by defendant without his consent, even though consent may have been given under a mistake of facts, or procured by fraud, or unless he entered under a license for some particular purpose and went beyond that purpose."

The other question is whether, under the facts, there can be a recovery back on the common counts for the rent voluntarily paid to the State land agent, conceding (without deciding—and we are without jurisdiction to so decide, Code 1940, Title 13, Section 86) that the State was invested with no title to the property because of the claimed irregularities of the tax sale proceedings.

It is the opinion and judgment of this court that there ·can be no recovery and that the trial judge ruled correctly in so deciding and in rendering judgment for the defendants.

·The State, upon the sale of the land for delinquent taxes, was entitled to the immediate possession thereof, upon the execution of the certificate by the judge of probate. Code 1940, Title 51, Section 286; Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34.

The State Land Commissioner, after the execution of said certificate of sale, was therefore acting under (at least) colorable authority in demanding possession of the property or the payment of rent by the occupant thereof.

The rent, voluntarily paid to one thus acting, where there are no circumstances of fraud or oppression, is not recoverable.

In this connection, the holding of our Supreme Court is supportive: "It is a well-settled general principle of the common law that in the absence of fraud, mon-

ey paid to satisfy a colorable demand to a person who has a colorable legal right to receive it may not be recovered back in an action of indebitatus assumpsit, unless the money is paid under duress of person or goods, and the mere fact that it was paid under protest will not render it involuntary. Glass & Co. v. Haygood, 133 Ala. 489, 31 So. 973; Prichard v. Sweeney, .109 Ala. 651, 19 So. 730." National Bank of Boaz v. Marshall County, 229 Ala. 369, 370, 157 So. 444, 445.

 The mere threat of the State land agent to take charge of the property nor the apprehension— if so—by Clifton that his refusal to pay rent might result in legal proceedings against him was not such duress as to render the payments involuntary. 40 Am.Jur., Section 174, p. 833. See also 32 Am.Jur., Section 472, p. 386; 45 Am.Dec., Annotation p. 169.

Learned counsel for appellant seem to assume that Clifton's ignorance—although not proven—of the legal status of his property absolves him from the rule of non-recovery by the payor of money voluntarily paid. But it seems to us that he would be precluded from recovery because such ignorance or mistake (if conceded)—not induced by fraud or duress— was one of law and money thus paid cannot be recovered by the payor in a civil action. Trustees v. Keller, 1 Ala. 406; Gwynn v. Hamilton's Adm'r, 29 Ala. 233; Town Council of Cahaba v. Burnett, 34 Ala. 400; New Orleans & N. E. R. Co. v. Louisiana Constr. Co., 109 La. 13, 33 So. 51, 94 Am.St.Rep. 395; 40 Am.Jur., Section 183, p. 843; 53 A.L.R. 949 et seq. (note).

There is another vital reason which impresses us as precluding the plaintiff's recovery, although decision need not rest there. The defendants were acting as agents of a known principal, the State. The money, collected in their representative capacity under bona fide claim of right, has heretofore been delivered to the State—paid over by the agents, in good faith, to the principal before notice of any claim of the plaintiff. Under such circumstances, there is no individual liability on their part. 48 Corpus Juris, Section 328, p. 767; 2 Am.Jur., Sections 335, 336, p. 264; Dixie Fertilizer Co. v. Teasley, 14 Ala. App. 283, 69 So. 988; Cassimus v. Vaughn Realty Co., 217 Ala. 561, 117 So. 180.

It is unnecessary to discuss other assignments of error in view of our conclusion that the plaintiff is due no recovery in the case.

The contention is earnestly argued that there should be some redress for the plaintiff. Deferring thereto, it is suggested that his claim, if recoverable at all, is subject to adjudication in a different forum. Code 1940, Title 55, Section 333 et seq.

The controlling rulings at nisi prius were in harmony with our conclusions, so the judgment is ordered affirmed.

Affirmed.