40 So.2d 732

### PROSSER v. BAILES.

#### 8 Div. 739.

Court of Appeals of Alabama.
March 8, 1949.

Rehearing Denied March 29, 1949.

Julian Harris and Norman W. Harris, both of Decatur, for appellant.

Joe L. Payne, of Huntsville, for appellee.

HARWOOD, Judge.

The appellant here was the defendant in the detinue suit below. The subject matter of the suit was a truck. The case was submitted to the court without a jury, and judgment was rendered in favor of the plaintiff (appellee here) for the truck, or its alternate value.

The agreed statement of facts upon which the case was submitted is as follows:

"1. On and prior to the 14th day of July, 1948, O. B. Roberson, who was engaged in the business of buying and selling automobiles in Decatur, Alabama, doing business under the name of Roberson Motor Company, and who is hereinafter referred to as Roberson, was the owner of the truck sued for, hereinafter referred to as the truck.

"2. On the 14th day of July, 1948, one Ralph Cozzalino, who operated under the alias of Roy and James R. King, came to the place of business of Roberson, and was in possession of one 1947 model 2-door Chevrolet sedan, which he told Roberson belonged to him, and he offered to sell said Chevrolet sedan to Roberson. The said Cozzalino was in possession of a bill of sale made out to the said James R. King covering said Chevrolet sedan and showing that he had purchased the same, and also had in his possession registration receipt showing that he had bought for said Chevrolet sedan Alabama license tag No. 47 C 6669, and Roberson thought that the said Cozzalino was the owner of said Chevrolet sedan, and the parties agreed upon a trade, by the terms of which Cozzalino sold and traded said Chevrolet sedan to Roberson in consideration of Roberson's trading to him the truck sued for and paying him $1,050.00 in cash, and pursuant to said agreement Cozzalino under the name of James R. King gave Roberson a bill of sale to the Chevrolet sedan and delivered possession of the Chevrolet sedan to Roberson, and Roberson paid Cozzalino $1,050.00 in cash and delivered to him possession of the truck sued for, and gave him a bill of sale to the truck sued for made out in favor of James R. King, showing a sale of the truck from Roberson to James R. King for a consideration of $650.00. Roberson acted under the belief that the said Cozzalino, whose name he thought was James R. King, was the owner of said Chevrolet sedan, and Roberson had not prior thereto known or been acquainted with Cozzalino, and did not have possession of any facts or circumstances which led him or which would have led a reasonable man to any belief but that the said Cozzalino was the owner of said Chevrolet sedan, or would have put them on notice that he was not the owner of the same.

"3. On July 15, 1948, the said Cozzalino went to the place of business of the plaintiff in Huntsville, Alabama, the plaintiff being then and there engaged in the business of buying and selling automobiles. The said Cozzalino was in possession of the truck sued for, and told the plaintiff

that he was the owner of it, and showed the plaintiff a bill of sale to the truck sued for made out to James R. King and executed by Roberson. Cozzalino told the plaintiff that he wanted to sell the truck and the plaintiff thereupon purchased said truck from Cozzalino, who was then acting under the name of Roy King, and the plaintiff paid to him the sum of $450.00 in cash for said truck, and the said Cozzalino, under the name of Roy King, executed and delivered a bill of sale to said truck to the plaintiff, showing a consideration of $450.00, and delivered possession of said truck to the plaintiff. At said time the plaintiff thought that the said Cozzalino was James R. King or Roy King, and that he was the owner of said truck, and the plaintiff did not have possession of any facts or circumstances which would have led him or would have led a reasonable man to believe otherwise.

"4. On July 17, 1948, the plaintiff sold the truck sued for to Ray N. Penney for a consideration of $525.00 and delivered possession of said truck and executed a bill of sale to the said Penney.

"5. On July 29, 1948 Roberson learned that the Chevrolet sedan which he had purchased and received from Cozzalino, as hereinabove recited, had been stolen from its owner in Knoxville, Tennessee on July 13, 1948, and that the said Chevrolet sedan, in fact, was the property of Dr. P. B. Folger, of Dobson, North Carolina, and the said Folger made demand on Roberson for possession of said Chevrolet sedan, and Roberson surrendered the same to its owner, Dr. P. B. Folger. On the same date Roberson learned that the truck sued for was in the possession of the said Ray N. Penney, in Madison County, and he went to see the said Penney and advised him that he was the owner of said truck, and Penney turned possession of said truck over to Roberson, and thereafter, on the 31st day of July, 1948, Roberson sold the truck sued for to the defendant for a consideration of $600.00, and delivered possession of said truck and of a bill of sale covering the same to the defendant. The defendant at the time he purchased said truck from Roberson thought that Roberson was the owner of said truck, and the defendant did not have knowledge of any facts or circumstances which would have led him or a reasonable man to believe otherwise, or which would have put him on notice to the contrary.

"6. On July 30, 1948, Ray N. Penney notified the plaintiff that Roberson had claimed to be the owner of the truck, and that Roberson had assumed the physical dominion of the truck sued for, and demanded the return of the purchase money for said truck which he had paid to the plaintiff on July 17, 1948, and the plaintiff thereupon returned to the said Penney the said sum of $525.00, and Penney thereupon surrendered to the plaintiff the bill of sale covering said truck which the plaintiff had given to Penney upon the sale of said truck to Penney, and on August 3, 1948 the said Penney, at the plaintiff's request, executed a bill of sale purporting to sell said truck to the plaintiff.

"7. On August 9, 1948, at a time prior to the filing of this suit, the plaintiff informed the defendant that the plaintiff is the true owner of the truck sued for and that the plaintiff has legal title to the truck sued for, and plaintiff made a demand on the defendant to surrender the possession of the truck to the plaintiff. The defendant refused to surrender possession of the truck to the plaintiff."

The transaction between Roberson and Cozzalino constituted an exchange of property. In determining whether or not title has passed under an exchange the principles relating to sales govern exchanges of property. 1 Williston on Sales, Section 170.

In determining whether title to the truck passed from Roberson to Cozzalino, the ultimate question is, did Roberson, at the time he delivered possession, and also a bill of sale, to the truck intend to transfer title thereto.

The fact that Cozzalino impersonated himself as King, and the fact that the implied warranty as to the title to the Chevrolet Sedan forming a consideration for the exchange was false, would not ren-

der the exchange void ab initio, but voidable at the option of Roberson. Williston on Contracts, Rev.Ed., Vol. 5, Section 1517; Hickey v. McDonald, 151 Ala. 497, 44 So. 201, 13 L.R.A.,N.S., 413; McBride & McMillan v. Kyle, 207 Ala. 273, 92 So. 455; Drake v. Nunn, 210 Ala. 136, 97 So. 211; Restatement of Contracts Vol. 2, Section 476.

■ Cozzalino thus secured a voidable title to the truck. Prior to avoidance of the contract of exchange by Roberson he, Cozzalino, sold and delivered the truck to the plaintiff below, who under the facts was a bona fide purchaser.

"Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods provided he buys them in good faith, for value, and without notice of the seller's defect of title." Section 30, Title 57, Code of Alabama 1940.

It thus appears that the plaintiff obtained a valid title to the truck at the time he purchased it from Cozzalino.

■ Penney, who subsequently bought the truck from the plaintiff would stand in his shoes, and enjoy the rights and privileges of the plaintiff, Teat v. C. D. Chapman & Co., 1 Ala.App. 491, 56 So. 267, unless he has forfeited such position by his action in relinquishing possession of the truck to Roberson.

The plaintiff having rescinded the sale, and refunded the purchase price of the truck to Penney, after notice that the truck had been delivered into the possession of Roberson, would obviously be in no better position than Penney.

It is to be noted that in the agreed statement of facts it is set out in connection with Roberson's acquisition of the truck from Penney, that Penney "turned possession of said truck over to Roberson," and that Penney notified the plaintiff that "Roberson had assumed physical dominion of the truck sued for." We cannot read into the above statements anything more than that Roberson gained a bare possession of the truck from Penney. Certainly there is nothing to indicate that Penney intended to, or did, transfer any title to the truck to Roberson. "Title to and possession of personal property are two separate and distinct propositions. One may be in possession of property without title, or he may have title without possession." Curtis v. McLin, 23 Ala.App. 25, 119 So. 861, 862.

Appellant's able counsel further argues that even if it be concluded that the plaintiff acquired a valid title from Cozzalino, then in view of his later sale of the truck to Penney, plaintiff's ultimate title must be determined by Penney's actions in surrendering possession of the truck to Roberson.

Counsel argues that Penney's action in turning possession of the truck over to Roberson operated to divest Penney of title and revest it in Roberson. In this event, then of course the plaintiff would not be entitled to recover, since his acquisition of title from Penney, either by rescission of the sale to Penney with refund of the purchase price, or by actual resale, as evidenced by the bill of sale to the truck from Penney to plaintiff, was all done after notice to the plaintiff that Penney had surrendered possession of the truck to Roberson.

Counsel argues that title was invested in Roberson by Penney's action under three theories.

First: Appellant quotes the following from 46 Am.Jur., Sales, Section 409:

"* * * Where a buyer yields possession of the purchased property without legal compulsion, on an adverse claimant's asserting title thereunto, he does so at his peril, and in an action against the seller for breach of warranty of title the burden of proof is on the buyer to show that he yielded to a paramount title. * * *"

■ Appellant also cited the cases of Edwards v. Beard, 211 Ala. 251, 100 So. 101; Hafer v. Cole, 176 Ala. 242, 57 So. 757, and Jordan v. Van Duzee, 139 Minn. 103, 165 N.W. 877, L.R.A.1918B, 1136, which enunciate the same principle, and argues that the expression found in such principle that the buyer yields "at his per-

il" necessarily implies that the person yielding is thereby divested of title. We do not agree with such conclusion, nor with propriety of the application of the principle enunciated to this case. This principle enunciated in the above cited authorities govern the relations between vendee and vendor, and applies in an action against the vendor for breach of warranty of title, the burden being on the vendee to show that he yielded to a paramount title. Certainly the vendee's surrender of a chattel to a third party claiming a paramount title does not divest the vendee of his title, nor invest title in such third party.

Second: That Penney's action in surrendering the truck to Roberson is governed analogically by the principle that:

" * * * In the absence of fraud, money paid to satisfy a colorable demand to a person who has a colorable legal right to receive it may not be recovered back in an action of indebitatus assumpsit, unless the money is paid under duress of person or goods, and the mere fact that it was paid under protest will not render it involuntary."

This doctrine is enunciated in the following cases: Clifton v. Curry, 30 Ala.App. 584, 10 So.2d 51; National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444; Traweek v. Hagler, 199 Ala. 664, 75 So. 152; H. A. Edwards Ins. Agency v. Jones, 242 Ala. 624, 7 So.2d 567; and Rice v. Tuscaloosa County, 242 Ala. 62, 4 So.2d 497.

The above principle is applied in cases of indebitatus assumpsit, an action founded upon a promise or contract implied in certain cases. Clearly where one obtains money from another in payment of a colorable claim, no promise can be implied to repay the money, without which the action of indebitatus assumpsit cannot be maintained.

■ Detinue is an action ex delicto, not ex contractu. The gist of the action is the wrongful detention of plaintiff's property. Gossett v. Morrow, 187 Ala. 387, 65 So. 826. The requisites to maintenance of an action of detinue are a general or special property in the chattel sued for, or legal title, and right of immediate possession at time of the suit. La Rue v. Loveman, Joseph & Loeb, 220 Ala. 2, 127 So. 241.

■ These basic differences between the actions of indebitatus assumpsit and detinue we think makes obvious the impropriety of analogical application of the rule of voluntary payment prevailing in connection with the action of indebitatus assumpsit to the fundamentally different action of detinue.

Third: That Penney's relinquishment of possession of the truck to Roberson amounted to an abandonment of the truck and his interest therein, and invested title thereto in Roberson.

■ Abandonment arises when an owner, with the specific intent of desertion and relinquishment casts away, or leaves behind his property. Brown on Personal Property, p. 9. Where the evidence as to intent leaves room for contrary inferences, the question of abandonment vel non is for the jury. Kansas City, Memphis & Birmingham Railroad Co. v. Wagand, 134 Ala. 388, 32 So. 744. Under the facts of this case it is our opinion that it cannot be justifiably said that the court's conclusion that Penney's actions did not evince an intent to abandon his interest in the truck was in anywise an abuse of the court's discretion in the premises.

■ Roberson therefore acquired no title to the truck by reason of gaining a mere possession of it from Penney. When goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell. Section 29, Title 57, Code of Alabama 1940. We find nothing in the facts precluding or estopping either Penney or the plaintiff (appellee) from denying Roberson's authority to sell the truck to the appellant.

We are of the opinion therefore that there was ample evidence justifying the

court's conclusions that title and right of possession was in the plaintiff (appellee) at the time of suit, and that no title or right of possession was in the defendant (appellant).

This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.