MADDOX, Justice.
This appeal involves two questions: (1) Were the damages awarded for the wrongful detention of equipment excessive? (2) Did the trial court err in denying the appellant’s motion for change of venue? We answer no to both questions and affirm.
These two issues arise out of an action upon a lease-purchase arrangement entered *730 into by Johnny C. Jones, defendant-appellant, with Norman Fountain Contractor, Incorporated, plaintiff-appellee corporation, for the rental of several items of excavating and related equipment. When the appellant defaulted on the lease payments, Claude Fountain, vice-president of the ap-pellee corporation, demanded the equipment’s return. The appellant failed to return the equipment; consequently, appellee sued the appellant for the return of the equipment, or in the alternative, its value, and damages for the “reasonable value for the hire or use thereof during [its] wrongful detention” from April 1, 1982.
The described equipment in the complaint, as amended, included:
“One Caterpillar 955-K Endloader, serial number 85J2188;
“One John Deere 850 Dozier [sic], serial number 307526;
“One Sheepsfoot Roller; and
“One F-350 Fuel Truck, serial number F37Y1Q27878.”
Appellant claims the venue of the action was improper. His request for a change of venue was denied. Subsequently, appellant filed a counterclaim alleging that the Caterpillar 955-K endloader had been wrongfully repossessed by the appellee corporation. The appellee corporation’s motion for prejudgment seizure of the John Deere 850 dozer was granted by the trial court; however, appellant, by posting sufficient bond, was allowed to retain the equipment pending the trial. Appellant filed a motion to reconsider the denial of change of venue, but his motion was denied by the trial court on the day of the trial.
The jury returned a verdict in favor of the appellee corporation and against the appellant as to the following equipment:
“One Caterpillar 955-K Endloader SN85J2188, Value $15,000;
“One John Deere 850 Dozier [sic], SN 307526, Value $65,000;
“One Sheepsfoot Roller, Value $200;
“One Fuel Tank Truck, SN F3 Y1Q27878, Value $1,000.”
The jury also assessed damages for the wrongful detention of the appellee corporation’s property at $28,000, and likewise found in favor of the appellee corporation on the appellant’s counterclaim.
I
We have held that “[i]n statutory detinue, recovery consists of the chattel, in specie, or its alternative value. This is augmented by a reasonable sum for rental during the period of detention.” Roebuck Auto Sales, Inc. v. Wallace, 293 Ala. 231, 235, 301 So.2d 546, 549 (1974); Code 1975, § 6-6-256. The appellant asserts that the amount awarded by the jury as damages for the detention of the equipment was not supported by the evidence.
The testimony concerning the rental value for a John Deere 850 dozer varied from a high of $5,500 a month to a low of $3,700 a month. Likewise, the testimony regarding the rental value for a Caterpillar 955-K endloader varied in amount from $2,500 a month to $6,000 a month. There was no evidence introduced regarding the rental value of the other two items, namely, the sheepsfoot roller and fuel tank truck.
In detinue actions, damages may be claimed from the time the suit is commenced or demand is made. See White v. Ross, 5 Stew. & P. 123, 129 (1833).
Claude Fountain testified that he made a demand for the equipment’s return in January, 1982, but stated that the endloader was not recovered until June 1982, and that the 850 dozer was not returned prior to the jury’s verdict in October, 1982. Thus, ap-pellee corporation, arguing in support of the jury’s award of $28,000, claims that it was entitled to the rental value of the endloader for four months, i.e., February through May, and the rental value for the 850 dozer for eight months, i.e., February through September.
As to the wrongful detention aspect of this case, the appellant states in brief:
“The appellant will contend that the only time period for which the appellee could collect damages for said wrongful *731 detention would be from August 6, 1982 until October 12, 1982.
“The appellant contends that the jury erred when they determined that there had not been a modification of the Lease-Purchase Contracts that would have released the appellant from the payments called for in the original contracts.”
We have reviewed the agreement signed by Claude Fountain on February 26, 1982, which the appellant alleges modified the original lease-purchase agreements and conclude from the terms stated therein and the testimony by the parties found in the record, that the jury did not err in finding there had been no modification of the terms of the original lease agreements.
As to the amount of damages being excessive, our rule is that “the matter of damages must be left to the discretion of the jury, whose judgment ordinarily should not be interfered with unless the amount is so excessive as to show passion, prejudice, or other improper motive.” Johnson Publishing Co. v. Davis, 271 Ala. 474, 487, 124 So.2d 441, 450 (1960); International Union v. Palmer, 267 Ala. 683, 104 So.2d 691 (1956).
In considering whether the amount of damages awarded was excessive, both the length of wrongful detention of the equipment items and their rental value must be taken into consideration. Upon reviewing the evidence of the case, we conclude that there was sufficient evidence presented at the trial as to both the rental value of the dozer and endloader and the period of their wrongful detention by the appellant so that the jury could have found that appellee corporation was damaged in the amount of $28,000. Consequently, the amount of damages awarded by the jury was not excessive under the facts of this case.
II
The next claim of error concerns the trial court’s denial of the appellant’s motion for change of venue. The appellant contends that this action was a contract action and, therefore, under Rule 82(b)(1)(A), ARCP, the action was required to be brought in the county of his residence, St. Clair County, and not in Jefferson County. We disagree with the appellant that this action was, in fact, ex contractu, thereby, under Rule 82(d)(1), requiring the trial court to transfer the action to St. Clair County.
“Detinue is an action ex delicto, not ex contractu. The gist of the action is the wrongful detention of plaintiff’s property.”
Prosser v. Bailes, 34 Ala.App. 329, 334, 40 So.2d 732, 736, cert. denied, 252 Ala. 296, 40 So.2d 737 (1949). Although the genesis of this case was the appellant’s default under the terms of the lease-purchase agreement, the wrong which the appellee corporation complains of is the wrongful detention of specific items of equipment after a demand had been made for their return.
Based on the foregoing, the judgment is due to be and is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.