THOMPSON, Presiding Judge.
Frank J. Kruse filed a complaint in the Jefferson Circuit Court (“the trial court”) against the City of Birmingham (“the City”), alleging claims of unjust enrichment, money had and received, and violation of 42 U.S.C. § 1983; Kruse also sought certain declaratory and injunctive relief. The basis of Kruse’s claims is the City’s attempts to obtain payment of fines for parking-violation citations that were issued to a vehicle registered to Kruse. After paying those fines, Kruse brought this action, arguing that the City was time-barred from seeking to collect the fines.[1] Kruse purported to prosecute his claims on behalf of a class of similarly situated plaintiffs, but the class was not certified.
The City removed the action to the United States District Court for the Northern District of Alabama, Southern Division (“the federal court”). The federal court entered a judgment in favor of the City on Kruse’s § 1983 claim and remanded the action to the trial court. Kruse did not appeal the federal court judgment.
Before the trial court, both parties moved for a summary judgment on Kruse’s state-law claims. On July 13, 2010, the trial court entered a summary judgment in favor of the City and denied Kruse’s summary-judgment motion. Kruse timely appealed, and our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), AIa.Code 1975.
A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). “When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.” Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) (citing Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989)). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
In his summary-judgment motion, Kruse asserted that the City sent him a letter threatening to incarcerate him if the fines for certain parking citations issued to his vehicle were not paid. Kruse paid the fines for the parking citations during a time when, pursuant to two City ordinances, the City granted amnesty from prosecution and further fines to those who paid their outstanding parking citations. Kruse maintained that the City’s attempts *912 to make him pay the fines for improper-parking citations for his vehicle were time-barred by what he contends is the applicable statute of limitations for such collection attempts. In making that argument, Kruse insisted that an improper-parking citation is a misdemeanor subject to a one-year statute of limitations pursuant to § 15-3-2, Ala.Code 1975. Kruse contended that the City’s retention of the fine he paid was wrongful and constituted unjust enrichment. We are resolving this appeal on other grounds; accordingly, we do not reach the issue whether Kruse is correct that the parking citations were misdemeanors subject to a one-year statute of limitations.
In support of his motion for a summary judgment, Kruse submitted to the trial court copies of the City’s two amnesty ordinances, a document explaining the amnesty program, a copy of a canceled check, dated August 2008, from Kruse to the City, three transcript pages from Kruse’s deposition, and 14 pages of the transcript of the deposition of Birmingham Municipal Court Judge Raymond P. Chambliss. The portion of Kruse’s deposition testimony submitted to the trial court establishes that Kruse’s vehicle was cited for a parking violation six times between 2001 and 2002; in addition, other evidence indicates a 2004 parking citation issued on the vehicle. The evidence indicates that Kruse’s daughter had possession of the vehicle at the times it was cited for the parking violations. Judge Chambliss testified in his deposition that, in his opinion, the parking citations were subject to a one-year statute of limitations and were not enforceable at the time Kruse paid the fines for those citations.
In its summary-judgment motion, the City argued, among other things, that Kruse’s claims were barred by the doctrine of collateral estoppel; it submitted to the trial court a copy of the federal court’s judgment in its favor. In addition, the City argued that, assuming that Kruse’s claims were not barred by the doctrine of collateral estoppel, it had properly sought to enforce and collect the fines for the parking violations. In support of its summary-judgment motion, the City submitted only a copy of the federal court’s judgment and copies of the City’s ordinances approving the two consecutive amnesty periods, during one of which Kruse paid the fines for the parking violations. In response to Kruse’s motion for a summary judgment, the City also submitted to the trial court an attorney general’s opinion in which the attorney general stated, among other things, that “[a] municipality may bring a civil action to recover a fine on an adjudicated parking ticket that is subject to the twenty-year statute of limitations on an action on a judgment.” Op. Att’y Gen. No. 2007-103.
No other evidence was presented to the trial court. Thus, the factual narratives the parties submitted to the trial court in support of or in opposition to the motions for a summary judgment are, for the most part, unsupported by citations to supporting evidence other than the federal court’s judgment. Citations contained in the federal court’s judgment indicate that the parties submitted numerous evidentiary exhibits to the federal court. Neither party has disputed the essential findings of fact set forth in the federal court’s judgment. Accordingly, we set forth the relevant portions of that judgment below.
“[Kruse] brings claims pursuant to 42 U.S.C § 1983 and state law concerning his payment of outstanding parking tickets to the City of Birmingham, Alabama. [Kruse] received a notice dated April 28, 2008, that he owed $1,030 in parking fines. Plaintiff exhibit 1 (doc. 16-2), at 3. That notice further informed [Kruse] *913 that he had 24 hours to make payment or to make arrangement for payments. Id. It stated that unless [Kruse] notified the sender that he contested the debt within 30 days of receipt of the letter, the debt would be assumed valid. Id. The evidence establishes that the parking tickets are dated between December 18, 2001, and June 9, 2004.1 Defendant exhibit 5.
“Meanwhile, on April 22, 2008, the City of Birmingham approved an amnesty program for payment of unpaid parking fines and minor traffic tickets, in which no additional fines or threats of arrest would issue for outstanding fines paid during the month of July 2008. Defendant exhibit 1. This program was so successful it was extended through the end of August 2008. Defendant exhibit 2.
“At his deposition, [Kruse] stated that he did not pay the tickets prior to 2008 because they were issued to his daughter’s [vehicle], although the [vehicle] was registered to him. Plaintiff depo. at 12. He assumed his daughter took care of the tickets. Id. at 14, 17. He then learned from his wife about the letter regarding payment because she was concerned [Kruse] would get in trouble. Id. at 14. [Kruse’s] wife told him there was an amnesty program for paying outstanding tickets. Id. at 10. He personally never saw anything in the press about the amnesty period. Id. [Kruse] went and paid the tickets. Id. at 17-18. He did not contest the tickets, he did not say he was not driving the car when the tickets were issued, he did not ask to see a judge, and he did not know how many tickets he was actually paying. Id. at 18-19, 26. He wrote a check for $510 on August 25, 2008. Plaintiff exhibit F (doc. 16-2), at 17.
“Based on these facts, [Kruse] filed suit in the Circuit Court of Jefferson County, Alabama, in a complaint styled as a class action, for unjust enrichment (Count I); money had and received (Count II); violations of 42 U.S.C § 1983 (Count III); and declaratory and injunctive relief (Count IV). The [City] removed the case here based on [Kruse’s] assertion of claims arising under the laws of the United States.
“1 The evidence establishes only $125 in outstanding parking fines. No explanation as to the difference between this amount and the amount on the April 28, 2008, notice has been provided, but neither side has contested the amount claimed due by [the City], nor the amount actually paid by [Kruse].”
With regard to the merits of Kruse’s federal claims, the federal court determined, in pertinent part:
“The court first considers [Kruse’s] federal claim, namely that [the City’s] actions in ‘coercing collection of fines in excess of one year, with the threat of additional penalties, warrant and arrest, when such action was time barred under Ala.Code § 15-3-2 (1975), has violated, and continues to violate, the rights, under the Constitution, of [Kruse].... ’ Complaint, ¶ 28. [Kruse] seeks a refund, with interest, costs and attorney’s fees. Complaint, pg. 7. [Kruse] styles this claim as ‘Violations of 42 U.S.C. § 1983.’ Id.
[[Image here]]
“Considering [Kruse’s] claim in the context of a violation of his procedural due process rights, [Kruse] fails to set forth any manner in which his procedural due process rights were violated. While [Kruse] asserts that if tickets were not paid within the amnesty time frame, violators would be arrested, [Kruse] testified in his deposition that *914 he had no knowledge of the amnesty program. Plaintiff depo. at 9-10. He testified that he was prompted by his wife to pay the tickets and that he never saw or heard anything in the press.3 Id.
“To prevail upon his procedural due process claim, [Kruse] must establish: (1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. Bank of Jackson County v. Cherry, 980 F.2d 1854, 1357 (11th Cir.1992), citing Lehr v. Robertson, 463 U.S. 248, 256, 103 S.Ct. 2985, 2990-91, 77 L.Ed.2d 614 (1983); Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). Assuming [Kruse] could satisfy the first two prongs of this test, he has wholly failed to allege any constitutional inadequacy of procedures accompanying the deprivation. Procedural due process requires only notice and an opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In his deposition, [Kruse] testified he did nothing to contest payment of the parking tickets. As such, the court can find no governmental action which caused a deprivation of his rights to do so.4
“In addition to his failure to allege any inadequacy of pre-deprivation procedures, the court finds that [Kruse] further failed to allege the absence of adequate post-deprivation state law remedies.... If state courts provide adequate procedures, then there is no federal procedural due process violation regardless of whether [Kruse] has taken advantage of the state remedy or attempted to do so. See Horton v. Board of County Commissioners of Flagler County, 202 F.3d 1297, 1300 (11th Cir.2000) (‘The McKinney [v.Pate, 20 F.3d 1550 (11th Cir.1994),] rule.... does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court. Instead, the McKinney rule looks to the existence of an opportunity — to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered.’).
“[Kruse] has not alleged that the state law procedures are inadequate. The City of Birmingham created a program for the payment of unpaid parking tickets, during which the City suspended its right to issue warrants or effectuate arrests for parking and other non-moving violations. Under Alabama law, [Kruse] had the right to contest the payment of these tickets. [Kruse] has ‘failed to state a valid procedural due process claim because [he has] not alleged that Alabama law provided [him] with an inadequate post-deprivation remedy.’ Tinney v. Shores, 77 F.3d 378, 382 (11th Cir.1996).
“Having considered the foregoing, the court is of the opinion that [the City’s] motion for a summary judgment is due to be grantéd, and [Kruse’s] motion for a summary judgment is due to be denied. Because the court finds that the [City] is entitled to a judgment in its favor on [Kruse’s] sole federal claim, the court declines to exercise its supplemental jurisdiction over [Kruse’s] state-law claims. See, e.g., Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1242 (11th Cir.2007).
“3 [Kruse] relies on his exhibits A and D in support of his argument that he *915 paid these tickets because of the threat of arrest. One of those was the actual ordinance adopted by the [City], the other one is a press release. Given [Kruse’s] testimony, the court finds [Kruse] could not have felt threatened by the content of either of those documents.
“4 This failure disposes of [Kruse’s] claim that he could not be prosecuted for the parking tickets because they had been issued more than twelve months prior. According to [Kruse’s] argument, the [City’s] failure to ‘prosecute’ him within twelve months of receipt of the ticket barred the [City] from ever collecting on the ticket, based on a statute of limitations for misdemeanors. See, e.g., Plaintiffs reply (doc. 19) at 1-2. Under this logic, if the [City] fails to issue an arrest warrant for outstanding parking tickets within one year of receipt of the ticket, it is forever barred. Aside from ignoring the fact that receipt of the ticket, in and of itself, would constitute commencement of a prosecution, [Kruse] did not pursue this theory in the courts of the state.”
(Footnote 5 in original omitted.)
With regard to Kruse’s state-law claims, the trial court, in entering its summary judgment in favor of the City, determined that Kruse did not act “under coercion or duress” in voluntarily paying the fines for the parking citations and that his voluntary payment constituted a waiver of any objection to the imposition of those fines.
Initially, for the purposes of resolving this appeal, we assume that the doctrine of collateral estoppel does not bar the litigation of Kruse’s state-law claims before the trial court. We turn to Kruse’s arguments pertaining to the propriety of the trial court’s summary judgment in favor of the City.
On appeal, Kruse argues that the trial court erred in entering a summary judgment in favor of the City because, he contends, the City’s attempts to collect fines based on the parking violations are barred by a one-year statute of limitations. He contends that the City has been unjustly enriched by its collection and retention of the amounts he paid for the parking violations. Our supreme court has stated:
“ ‘The retention of a benefit is ‘unjust,’ for purposes of an unjust enrichment claim, if the donor of the benefit acted under a mistake of fact or in misreliance on a right or duty, or the recipient of the benefit engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.’ ”
Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1224 n. 7 (Ala.2010) (quoting 42 C.J.S. Implied Contracts § 9 (2007)).
Kruse does not explain how his payment of the allegedly time-barred fines was made pursuant to a mistake or fraud so as to make the City’s collection and retention of his payment unjust. Kruse alleges, however, that the City’s threat of incarceration if he did not pay the fines associated with the allegedly time-barred parking violations amounted to duress or coercion for what he contends was an unenforceable demand for payment of the fines. Accordingly, we construe Kruse’s argument as disputing the trial court’s determination that there was no genuine issue of material fact that Kruse voluntarily, and without being subjected to duress or coercion, paid the fines imposed by the City.
“ ‘[D]uress is defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent.’ ” BSI Rentals, Inc. v. Wendt, 893 So.2d 1184, 1189 (Ala. *916 Civ.App.2004) (quoting Head v. Gadsden Civil Serv. Bd., 389 So.2d 516, 519 (Ala.Civ.App.1980)). With regard to whether the threat of prosecution of legal proceedings may constitute duress pursuant to which a party may recover amounts paid to another party, our supreme court has stated:
“It has been the law in Alabama for over 150 years that where one party, with full knowledge of all the facts, voluntarily pays money to satisfy the color-able legal demand of another, no action will lie to recover such a voluntary payment, in the absence of fraud, duress, or extortion. Weaver [v. American Nat’l Bank, 452 So.2d 469 (Ala.1984) ]; H.A. Edwards Ins. Agency v. Jones, 242 Ala. 624, 7 So.2d 567 (1942); National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444 (1934); Town Council of Cahaba v. Burnett, 34 Ala. 400 (1859); Jones v. Watkins, 1 Stew. 81 (Ala.1827); Clifton [v. Curry, 30 Ala.App. 584, 10 So.2d 51 (1942) ]; Thornton v. Singer Sewing Mach. Co., 34 Ala.App. 162, 37 So.2d 239 (1948). A ‘voluntary payment’ has been defined as ‘a payment made by a person of his own motion, without compulsion; a payment made without a mistake of fact or fraud, duress, coercion, or extortion, on a demand which is not enforceable against the payor.’ 70 C.J.S. Payment § 100 (1987).”
Mount Airy Ins. Co v. Doe Law Firm, 668 So.2d 534, 537-38 (Ala.1995).
In Mount Airy, supra, our supreme court held that amounts paid by a liability insurer were not made involuntarily or under duress when the payment was made to avoid the threat of the insured’s instituting a legal action against it. Our supreme court explained:
“Alabama law recognizes that the mere threat of legal proceedings is insufficient to constitute the duress needed to make the payment of money involuntary. National Bank of Boaz [v. Marshall County ], [229 Ala. 369, 157 So. 444 (1934) ]; Southern Ry. v. City of Florence, 141 Ala. 493, 37 So. 844 (1904); Clifton [v. Curry], [30 Ala.App. 584, 10 So.2d 51 (1942)]....
“ ‘... No one can be heard to say, that he had the right and the law with him, but he feared his adversary would carry him into court, and that he would be unlawfully fined and imprisoned; that being thereby deprived of his free will, he yielded to the wrong, and the courts must assist him to a reclamation.’
“Town Council of Cahaba v. Burnett, 34 Ala. 400, 404 (1859).... We also agree with the following:
“ ‘If there is in fact a cause of action when the threat is made, the plaintiff, by bringing suit, would only enforce a legal right; if there was no cause of action or [there was a] demand for more than is due, the party threatened should exercise the ordinary degree of firmness which the law presumes every man to possess, and meet the issue of the unjust suit.’
“66 Am.Jur.2d Restitution and Implied Contracts § 109 (1973).”
Mount Airy, 668 So.2d at 538-39 (some emphasis in Mount Airy, some emphasis added).
The evidence in the record on appeal demonstrates that Kruse voluntarily paid the fines for the parking violations during a period in which the City granted amnesty from threats of incarceration or further fines in exchange for payment of past-due fines associated with parking or minor traffic violations. The federal court’s findings of fact indicate that Kruse did not dispute his liability for those fines at the time he made that payment. Thus, as the trial court determined, in failing to dispute *917 his liability at the time he paid the fines, Kruse voluntarily paid those fines. Mount Airy, 668 So.2d at 538-39. Under the holding of Mount Airy, supra, Kruse may not be said to have been under duress in electing to voluntarily pay the parking fines in order to avoid the threat of possible imprisonment for nonpayment of those fines. Accordingly, we conclude that the trial court properly entered a summary judgment in favor of the City on Kruse’s claims. We affirm the trial court’s judgment.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. We conclude that Kruse’s action is not barred by the notice-of-claim requirement in § 11-47-23, AIa.Code 1975, because the action was filed within six months of Kruse’s payment of the amounts at issue to the City. See Diemert v. City of Mobile, 474 So.2d 663, 665 (Ala.1985) ("'"If a suit on a claim against a city is commenced within the six-month period prescribed in [§ 11-47-23], it is a sufficient presentation of the claim under the statute.” ' ") (quoting City of Huntsville v. Davis, 456 So.2d 69, 70-71 (Ala.Civ.App.1983), quoting in turn Browning v. City of Gadsden, 359 So.2d 361, 364 (Ala.1978)).