Dempsey appeals from a judgment of the circuit court dismissing his counterclaim. We affirm.
The facts of this case are that on July 30, 1982, the plaintiff, Robert R. Denman, filed a complaint in the Circuit Court of Houston County, Alabama, alleging malicious prosecution arising out of the arrest of Denman on or about the 28th day of October, 1981, on a warrant obtained by the defendant, Jerome V. Dempsey.
Dempsey filed an answer to the complaint and a counterclaim alleging abuse of legal process. This counterclaim stated, in part:
 "1. That for some two years, the Counter defendant, Robert Denman, has used the courts for the purposes of harassment and the creating of legal expenses to the counter claimant and not *Page 64 
for legitimate and proper processes. That [by] the complaint filed herein and previously the prosecution of the counter claimant's children, and other processes that were without foundation and by other legal abuses he continues by such improper processes to harass and embarrass the plaintiff [counterclaimant] and his family."
Denman moved to dismiss Dempsey's counterclaim for failure to state a claim upon which relief could be granted. The court dismissed the counterclaim. Dempsey then filed an amended counterclaim based on abuse of legal process, which averred, in part:
 "(1) For that, in the month of May, 1981, the Counter-Defendant did file charges with the Juvenile Court of Houston County, Alabama, against Counter-Claimant's children, having for their sole and only purpose the harassment of this Counter-claimant. That the Court's Probation Officer investigated the charges and found said children to be exemplary students and good citizens. The Counter-Defendant did this knowing that it would cause these students to be called from their classes during final examination and would be an expense and financial burden to the Counter-Claimant and would humiliate him.
". . . .
 "That upon the hearing, the charges against the children were dismissed.
 "(2) That to the governing body of Houston County, i.e., the Board of Commissioners of Houston County, and through Counter-claimant's Commissioner, the Counter-Defendant falsely charged the Counter-Claimant's wife of carrying a concealed weapon, i.e., a pistol, with the intent to do harm. That after Commissioner's conference with the Counter-Claimant, said Board took no action or steps to prosecute the matter. The charge was false and was made solely and only for the purpose of harassing, humiliating, and embarrassing the Counter-Claimant and his family.
 "(3) That the Counter-Defendant brought an action for damages against the Counter-Claimant in this Court also claiming a multiplicity of relief knowing at all times that the only relief available was a property right-of-way over a course that the Counter-Claimant had at all times agreed and was always willing to give. That said right-of-way was the only relief granted by the Court to Counter-Defendant and that said suit claiming damages and all other relief was again only a harassing tactic to embarrass, humiliate, and cause Counter-claimant great expense."
Denman moved to dismiss each count of Dempsey's amended counterclaim on the grounds that none of the statements of the counterclaims stated a cause of action upon which relief would be granted; that in the juvenile proceedings Dempsey was not involved as a party; that no legal process was instigated concerning the carrying of a pistol by Dempsey's wife; and, on the matter of the suit for a right of way, that an action is described that does not say any more about the bringing of that action than that it was brought to harass, embarrass, humiliate and cause Dempsey great expense.
The circuit court entered a final order dismissing each count of the counterclaim on June 24, 1983. Dempsey appealed to this court from that order, alleging that the amended counterclaim did state a good and valid cause of action within the meaning of A.R.C.P. 8 (a) and, further, that the court erred in dismissing the amended counterclaim without a hearing on the motion to dismiss and without considering affidavits or other verified evidence. We do not agree.
A.R.C.P. 8 (a)(1) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this rule the prime purpose of pleadings is to give notice. Fraternal Order of Police,Strawberry Lodge # 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663
(1975). A.R.C.P. 8 (a)(1) interacts with A.R.C.P. 12 (b)(6), which permits *Page 65 
dismissal of a complaint, or counterclaim, for "failure to state a claim upon which relief can be granted."
The classic statement of the proper test of the sufficiency of a complaint, under 12 (b)(6), appears in Conley v. Gibson,355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In that case, the Supreme Court of the United States stated:
 "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
355 U.S. at 45-46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.
This rule has been adopted by this court. See, e.g. Lavoie v.Aetna Life Casualty Co., 374 So.2d 310 (Ala. 1979); Pugh v.Kaiser Aluminum Chemical Sales, Inc., 369 So.2d 796, 798
(Ala. 1979); Entrekin, supra.
Implicit in Conley and our cases is the requirement that the relief to which plaintiff may be entitled under a provable set of facts must be relief according to a cognizable theory of law. Entrekin, supra. The theory of recovery espoused by Dempsey, in asserting his claim for relief, is abuse of legal process. This tort is defined as the perversion of a regular and valid process, which has been duly and properly issued, whereby a result not lawfully or properly attainable under it is secured. Duncan v. Kent, 370 So.2d 288 (Ala. 1979);Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986 (1912). To maintain an action for abuse of process, existence of an ulterior motive must be proved. Clikos v. Long, 231 Ala. 424,165 So. 394 (1936).
72 C.J.S. Process § 120 (1951) states, at 1190-91:
 "[Generally,] in order that action for abuse of process may lie, there must have been an unlawful interference with plaintiff's person or property under color of process. . . .
 "[T]he [ulterior motive] must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect. . . ."
Furthermore, 1 Am.Jur.2d Abuse of Process § 13 (1962) states:
 "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse. . . ."
See also Duncan v. Kent, supra.
An examination of Dempsey's amended counterclaim, in view of the principles set out above, leads us to conclude that Mr. Dempsey has failed to state a claim for abuse of legal process. Viewing the counterclaim even in a light most favorable to Mr. Dempsey, we are convinced that he could prove no set of facts which would entitle him to relief under any of the three counts.
First, under Count One of the complaint concerning the action brought against Dempsey's children, abuse of process will not lie because no result was obtained that is unlawful or improperly attainable under the law. The charges were dismissed, and the count does not aver that Dempsey was damaged in any way before the bringing of this action.
Second, it is clear that abuse of process will not lie for Count Two concerning the alleged charge against Dempsey's wife made to the Board of Commissioners of Houston County, since no regular and valid process was issued against Mrs. Dempsey in that instance.
In Count Three, the fact that the civil suit instituted against Dempsey has not terminated will not bar Dempsey's claim for abuse of process. See Tarver v. Household Finance Corp.,291 Ala. 25, 277 So.2d 330 (1973). However, the result of the suit alleged to have been intended and accomplished by Denman, i.e., the securing of a right of way, is precisely the result intended by the law to be effected by the process that is issued in such a suit. Abuse of process, therefore, cannot be under *Page 66 
the facts alleged in Count Three of Dempsey's counterclaim.
For the foregoing reasons, we find that the circuit court did not err in dismissing Dempsey's amended counterclaim, and, thus, we affirm.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.