[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 471 
This is an appeal from an order dismissing the plaintiff's complaint pursuant to a motion under A.R.Civ.P., Rule 12. Deborah Weaver, executrix for the estate of George Calkins, filed a complaint against American National Bank (bank), seeking damages arising out of the sale of collateral held by it as security for an installment loan. (Hereinafter, executrix Weaver will be referred to as the debtor.)
The complaint, as amended, contains four counts:
"COUNT ONE
 "1. George C. Calkins secured an installment loan # 146599 from American National Bank and placed as collateral for the loan a Kamatsu dozer [bulldozer].
 "2. On or about March 31, 1981, the aforesaid bank repossessed the Kamatsu dozer from the Estate of George C. Calkins.
 "3. On or about May 15, 1981, the American National Bank sent a certified notice to the Estate that the dozer would be sold on May 28, 1981.
 "4. Said notice did not specify the time or place of such sale as required by law in order to allow the plaintiff opportunity to protect the interest of the estate.
 "5. The aforementioned dozer was sold on a bid of $22,000, leaving a deficiency of $7,237.13.
 "6. The notice afforded to the Estate of George C. Calkins was not reasonable notification as required by law.
"[Ad damnum clause omitted.]
"COUNT TWO
 "1. Plaintiff incorporates Paragraphs 1 through 4 of Count One as though fully set forth.
 "2. The defendant accepted a bid of $22,000.00 on the dozer even though it was valued in excess of $40,000.00.
 "3. The unfairly low price obtained as evidenced by the large discrepancy between the sale and the fair market value was not commercially reasonable as required by law.
 "4. The defendant failed to sell the dozer at a fair and commercially reasonable value to the detriment of the plaintiff.
"[Ad damnum clause omitted.]
"COUNT THREE
 "1. Plaintiff incorporates Paragraphs 1 through 4 of Count Two as though fully set forth. *Page 472 
 "2. On or about March 25, 1980, George C. Calkins secured a loan for $27,609.75 with American National Bank by executing a mortgage on Lots 1 and 2 of Schillinger Heights, First Unit.
 "3. During late 1981, negotiations were occurring in regard to the sale of the aforementioned property.
 "4. On or about November 18, 1981, W.C. Doty, Executive Vice President of American National Bank, wrote Alan B. Weissinger, President of Realty Title Company of Mobile, and requested payment to the bank on the sale of the property as follows:
 "Principal $18,032.44 "Interest (to 12/4/81) 894.49
 "Deficiency on Sale of Dozer 7,237.13 ----------- "$26,164.06
 to include an additional daily charge of $4.76 for every day beyond December 4, 1981.
 "5. The deficiency on the dozer was required by American National Bank as part of the mortgage payoff.
 "6. On or about December 9, 1981, the sale of the real property was completed and American National Bank received $26,192.69 as payoff on the mortgage.
 "7. The Bank used its power as mortgage holder of the real property for a purpose other than to secure repayment on the real property mortgage to effect means and purposes of its own.
 "8. The Bank used its power to enable it to acquire proceeds to which it was not entitled under the sale of the real property.
 "9. The deficiency of the dozer should not have been required by American National Bank as part of the mortgage payoff.
 "10. American National Bank used its power as mortgage holder on the property for a purpose foreign to the legitimate purposes for which it was intended and such action constituted fraud in the exercise of power.
"[Ad damnum clause omitted.]
"COUNT FOUR
 "1. Plaintiff incorporates Paragraphs 1 through 6 of Count Three as though fully set forth.
 "2. On or about January 21, 1982, William R. Seifert, II, of the American National Bank forwarded to the plaintiff an insurance check made payable to both the plaintiff and the defendant which was from Thomas-King-Roebuck in the amount of $232.34.
 "3. The aforesaid insurance check was the rebate of a premium made on insurance coverage on the property on Schillinger's Road after said insurance policy was cancelled.
 "4. American National Bank through the note of William R. Seifert, II, dated January 21, 1982, requested endorsement of the check by plaintiff and its return to the bank.
 "5. The Bank refused to endorse said check over to the plaintiff.
 "6. The monies owed on the mortgage having been through the sale of the land, American National Bank was not entitled to the proceeds of the check.
 "7. Such action by the Bank constitutes a conversion of funds which belong to plaintiff.
"[Ad damnum clause omitted.]"
The Bank moved to dismiss the complaint under A.R.Civ.P., Rule 12, as amended, on the grounds that none of the counts stated a claim for which relief could be granted and that each possible claim was barred by the applicable statute of limitations. The motion was granted, and judgment was entered for the bank. The debtor appeals. We reverse and remand.
A motion to dismiss, under Rule 12, A.R.Civ.P., should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle her to relief.Dempsey v. Denman, 442 So.2d 63 (Ala. 1983), quoting Conley v.Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Robertsv. Meeks, 397 So.2d 111 *Page 473 
(Ala. 1981). When considering a motion to dismiss under A.R.Civ.P., Rule 12 (b)(6), the pleadings should be construed by the trial court so as to do substantial justice. A.R.Civ.P., Rule 8 (f). Our rules of civil procedure require only notice pleading, Dempsey v. Denman, supra; A.R.Civ.P., Rule 8 (a). Strict rules of technicality and form may be disregarded. A.R.Civ.P., Rule 8, Committee Comments. A complaint is sufficient if it puts the defendant on notice of the actions against which it must defend.
In the present action, each of the counts stated a claim for which relief could be granted, and it was, therefore, reversible error to dismiss any one of them.
Section 7-9-507 (1), Ala. Code 1975, gives the debtor the "right to recover from the secured party [the bank in this case] any loss caused by a failure to comply with the provisions of this part [§ 7-9-501, et seq.]." In Count One, the debtor alleges that the bank failed to provide timely and complete notice of the sale of the dozer, in violation of § 7-9-504 (3) of the Alabama Code (1983 Supp.), which requires that "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor." Specifically, the debtor alleges that the sale notice failed to state the time and place of the sale and was mailed only thirteen days before the sale date. This is sufficient to state a claim for relief under § 7-9-507 (1).
Count Two also seeks damages under § 7-9-507 (1). In this count, the debtor alleges that the sale price of $22,000.00 for a dozer reportedly worth $40,000.00 is commercially unreasonable. Section 7-9-504 (3) mandates that "every aspect of the disposition [of the collateral] including the method, manner, time, place and terms must be commercially reasonable." The price at which the collateral is sold is a term of the sale. The debtor has stated a claim in Count Two under § 7-9-507 (1) for violation of provisions of § 7-9-504 (3).
It is true that a low price is, of itself, insufficient to establish commercial unreasonableness. Ala. Code 1975, § 7-9-507 (2); First Alabama Bank of Dothan v. Rikki Tikki Tavi, Inc.,445 So.2d 889 (Ala. 1984). However, whether the debtor hasestablished commercial unreasonableness is not the issue before us. Similarly, we need not determine whether the debtor has proven the other elements of her actions to recover under § 7-9-507 (1). See First Alabama Bank of Dothan v. Rikki TikkiTavi, supra, and First Alabama Bank of Montgomery v. Parsons,426 So.2d 416 (Ala. 1982). The issue before us is whether she has stated a claim upon which relief may be granted. This we answer in the affirmative.
In addition, it was error to grant the bank's motion to dismiss Counts One and Two on the grounds that these claims, filed on November 3, 1982, for violations occurring in May 1981, were barred by the one-year statute of limitations. The bank contends that these claims under § 7-9-507 (1) are exdelicto, and barred by the one-year statute of limitations applicable to such actions. Ala. Code 1975, § 6-2-39 (a)(5). We do not agree. The debtor correctly argues that this action isex contractu, and is, therefore, governed by the six-year statute of limitations contained in § 6-2-34 (9), Ala. Code 1975 (actions upon a simple contract).
The requirements of § 7-9-504 (3) are imposed by law upon every secured transaction covered by Article 9 of the U.C.C.; Ala. Code (1983 Supp.), § 7-9-501 (3). By statute, they become terms of the security agreement. Breach of the notice requirement is breach of the contract. Therefore, the action under § 7-9-507 (1) for damages for violation of these requirements is, in essence, a suit for breach of contract. The applicable statute of limitations is § 6-2-34 (9). The actions contained in the first two counts were brought within one and a half years of the sale of the collateral, well within the six-year period of limitations, and are not time barred. *Page 474 
In the third count, the debtor alleges that the bank obtained payment of the deficiency remaining on the installment loan after the sale through fraud. It is well settled that one who pays more than he owes may recover the excess if the payment was involuntary or was procured through fraud, duress, or misrepresentation. H.A. Edwards Insurance Agency v. Jones,242 Ala. 624, 7 So.2d 567 (1942); Bell v. Barnes, 238 Ala. 248,190 So. 273 (1939); Roney v. Commercial Union Fire Insurance Co.,225 Ala. 367, 143 So. 571 (1932). See, also, Magness v. LoyolaFederal Savings and Loan Association, 186 Md. 569, 47 A.2d 769
(1946); National Bank of Montana v. Bingham, 91 Mont. 62,5 P.2d 554 (1931); Kilpatrick v. Germania Life Insurance Co.,183 N.Y. 163, 75 N.E. 1124 (1905); Manning v. Poling, 114 Iowa 20,83 N.W. 895 (1900).
The debtor has stated a claim for which relief may be granted against the bank for recovery of the money the bank received through its allegedly fraudulent actions. The debtor alleges that she paid the bank more than was owed on the mortgage. It is alleged that the excess payment was procured through fraud and was "required as part of the mortgage payoff." Again, we need not determine whether the debtor has produced evidence which would entitle her to recover under this claim. We are reviewing the grant of a motion to dismiss, and the only question before us is whether the complaint alleges facts upon which relief may be granted.
In Count Four, the debtor seeks damages for the conversion by the bank of a check made payable to the debtor and the bank. The debtor alleges that the proceeds of the check belonged to her, as executrix for the estate, but that the bank wrongfully refused to endorse the check and turn it over to her.
To state a cause of action in conversion, the debtor must allege that she has a general or special title to, or the immediate right to possession of, the property in question, and that the bank has exercised dominion over her property to her exclusion or in defiance of her rights. McCain v. P.A.Partners, Ltd., 445 So.2d 271 (Ala. 1984).
The bank argues that because the debtor is a co-payee on the check she has no superior right of possession to the check or its proceeds and, therefore, has no actionable claim for conversion.
 "It is a general rule that a conversion action will not lie in favor of one cotenant against another who has taken possession of the common property, unless it can be shown that the latter did so with an intent to appropriate it to himself or otherwise to deprive the plaintiff of its use or value. This doctrine is based on the theory that the foundation of the action is the right of possession and that where two or more persons are equally entitled to possession, the one who has it cannot be guilty of a conversion by retaining it. But the rule can have no reasonable application in respect of things that are readily divisible into portions absolutely alike in quality, such as grain, money, etc. As to such things, the general view is that the action will lie whenever a cotenant in possession uses more than his share or refuses to permit his cotenant to take his proper moiety. Thus, when a cotenant is entitled to demand a share of crops raised and wrongfully withheld or disposed of, the action may properly be one in tort for conversion."
20 Am.Jur.2d Cotenancy and Joint Ownership, § 85 (1965).
This is also the law in Alabama. Gore v. Gore, 250 Ala. 417,34 So.2d 580 (1948).
The debtor has stated a claim for conversion of the check and has brought the action within one year of the date of the alleged conversion. This is well within the applicable six-year period of limitations. Ala. Code. 1975, § 6-2-34 (3).
As to each count, it was error to grant the bank's motion to dismiss. Accordingly, *Page 475 
the judgment is reversed, and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.