**SHAPEX CORPORATION, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 84V–1080–N.**

United States District Court,
M.D. Alabama, N.D.

June 24, 1985.

Barry E. Teague, Montgomery, Ala., for plaintiffs.

John C. Bell, U.S. Atty., Kenneth E. Vines, D. Broward Segrest, Montgomery, Ala., for defendants.

## OPINION

VARNER, District Judge.

This cause is now before the Court on Defendants' motion for summary judgment filed herein April 18, 1985.

On August 2, 1984, the Plaintiffs filed their complaint in the Circuit Court of Barbour County, Alabama, alleging, inter alia, (1) that Plaintiff Shapex and Defendant Small Business Administration (SBA), an agency of the United States Government, entered into an agreement by which the SBA guaranteed a loan of $108,200.00, said loan being made to Shapex by the Central Bank of Eufaula; (2) that Shapex executed a promissory note, secured by all its corporate equipment and inventory, to the SBA; (3) that Plaintiffs Blackmon and Howard executed a guaranty agreement to the SBA on the aforesaid promissory note, thereby agreeing to honor the note in the event of a default by Shapex; (4) that Shapex eventually defaulted on the loan; and (5) that Defendant SBA and Defendants Knight and House, both SBA agents, disposed of the aforementioned equipment and inventory collateral in a commercially unreasonable manner in violation of CODE OF ALABAMA [1975], § 7–9–504(3).

On August 13, 1984, Defendant SBA filed its Petition for Removal to this Court pursuant to 28 U.S.C. § 1442. Jurisdiction

over this cause is conferred on the Court by that statute.

In the motion now under consideration, the Defendant SBA first contends that the gravamen of the Plaintiffs' claim against the agency sounds in tort and that the Plaintiffs have failed to file an administrative tort claim with the SBA as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675. The aforementioned administrative filing is a jurisdictional prerequisite, the failure of which bars a federal court from hearing the tort claim in question. The SBA, therefore, concludes that Plaintiffs' complaint is due to be dismissed.

This Court does not agree with the above characterization of the Plaintiffs' claim as tortious. The failure to conduct the sale of collateral in a commercially reasonable manner, as alleged herein, is more in the nature of a breach of an implied contractual term. Therefore, the Plaintiffs' noncompliance with the FTCA's administrative notice filing requirement does not bar this Court from taking jurisdiction of this cause.[1]

The Defendants next contend that, under *United States v. Lattauzio*, 748 F.2d 559 (10th Cir.1984), Plaintiffs Blackmon and Howard, as unconditional guarantors of the aforesaid promissory note, waived contractually any protections that could possibly be afforded by § 7–9–504(3). While there appears to be a split of authority as to whether an unconditional guarantor can state a commercially unreasonable sale claim or defense, the preferable rule—and the one controlling in this circuit—makes this claim or defense available to such guarantors. See, *United States v. Willis*, 593 F.2d 247 (6th Cir.1979); *United States v. Terrey*, 554 F.2d 685 (5th Cir. 1977). Consequently, the unconditional guaranty undertaken by Plaintiffs Howard and Blackmon on the subject promissory note does not operate as a waiver of their right to bring a claim based upon a commercially unreasonable sale. Similarly and for the same reasons, Plaintiff Shapex, also unconditionally liable on the note, is not barred from stating such a claim.

Finally, Defendants House and Knight, agents for Defendant SBA, assert that they are due dismissal from this lawsuit on the grounds of absolute immunity. It appears to the Court that this assertion is correct as a matter of law. It is well settled that the doctrine of sovereign immunity bars claims against federal officials if such claims do not rise to constitutional magnitude. *Evans v. Wright*, 582 F.2d 20 (5th Cir.1978). No constitutional claim has been filed herein by the Plaintiffs. Moreover, House and Knight, as agents of a federal agency, are clearly within the immune class. Therefore, unless Congress has statutorily waived immunity for these Defendants, they would be entitled to dismissal from this cause.

No such waiver has been brought to the attention of this Court. The Plaintiffs herein have stated their claim pursuant to 15 U.S.C. § 634(b)(1), which provides, in pertinent part, the following:

"(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—

"(1) Sue and be sued in any court of record of a state having general jurisdiction, or in any United States District Court, and jurisdiction is conferred upon such District Court to determine such controversies without regard to the amount in controversy."

While the foregoing statute section constitutes a waiver of sovereign immunity as to suits against the SBA Administrator, it cannot be read as a consent to suit against other SBA officials. Therefore, Defendants House and Knight are due to be dismissed from this cause.

---

**1.** See, *Weaver v. American Nat'l. Bank*, 452  So.2d 469, 473 (Ala.1984).