PER CURIAM.
Sammie L. Sanders appeals from the dismissal of his complaint, in which he states counts in breach of contract and conversion against the defendant, Judson College. Sanders alleges, and it is apparently undisputed, that from November 1975 through sometime in 1983, Judson College, Sanders’s employer, deducted from his salary $5,500 in excess of the amount properly deductible for group health insurance premiums. Sanders states in his complaint that in 1983 he “received a refund of the excess charges”. In Count I, alleging breach of contract, he seeks that amount *891 ($5,500) as damages; however, he also seeks interest, costs, and attorney fees. Except for claiming as damages an amount which from the face of his complaint it appears he cannot recover, Sanders’s breach of contract count is sufficient to withstand a motion to dismiss. The same is true of Sanders’s count in conversion.
The allegations of the complaint are set out in pertinent part below [1]
“COUNT I
[[Image here]]
“(2) That beginning in November of 1975, plaintiff entered into a contract with the defendants wherein the defendants agreed to provide or make available to plaintiff health insurance at the group rate and plaintiff agreed that the premium would be a monthly premium and deducted from his wages.
“(3) That Defendants did provide the insurance coverage and plaintiff signed the agreement allowing payroll deductions for his monthly premiums.
“(4) That Defendants breached the agreement in that defendants, through its [sic] agents and assigns, deducted the premium amounts from plaintiff’s wages each pay period instead of amounts sufficient to pay the monthly premium, thereby resulting in an overcharge.
“(5) That this practice continued from the year 1975 to 1983 when plaintiff received a refund of the excessive charges and questioned the procedure.
“(6) That as a result of the breach of the contract on the part of the defendants, plaintiff has been damaged.
“COUNT III
“Plaintiff alleges further:
“(1) That beginning in November of 1975 and continuing to December 1983, defendants converted to its [sic] own use, or to the use of someone other than plaintiff, personal property of plaintiff in the form of wages earned, due and owing plaintiff in that plaintiff was overcharged for insurance premiums the value of Five Thousand Five Hundred and 0/100 ($5,500.00) Dollars.
“(2) That the actions of the defendants were wilful and deliberate and done with the intent to injure plaintiff.
“(3) That defendants even after discovering its [sic] wrongful act suppressed the facts from plaintiff and continued the conversion of plaintiff’s personal property to plaintiff’s detriment.
“WHEREFORE, plaintiff prays for punitive damages in the amount of Two Hundred Thousand and 0/100 ($200,-000.00) Dollars, together with interest, cost and attorney fees.”
The standard applicable to motions to dismiss is well settled:
“A motion to dismiss, under Rule 12, A.R.Civ.P., should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle her to relief. Dempsey v. Denman, 442 So.2d 63 (Ala.1983), quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Roberts v. Meeks, 397 So.2d 111 (Ala.1981). When considering a motion to dismiss under A.R.Civ.P., Rule 12(b)(6), the pleadings should be construed by the trial court so as to do substantial justice. A.R.Civ.P., Rule 8(f). Our rules of civil procedure require only notice pleading, Dempsey v. Denman, supra; A.R.Civ.P., Rule 8(a). Strict rules of technicality and form may be disregarded. A.R.Civ.P., Rule 8, Committee Comments. A complaint is sufficient if it puts the defendant on notice of the actions against which it must defend.”
Weaver v. American Nat. Bank, 452 So.2d 469, 473 (Ala.1984).
Applying the above principles to the complaint in this case, we find it clear that plaintiff has stated a claim for which relief could be granted, and it was, therefore, reversible error to grant the defendant’s motion to dismiss. However unlikely it may appear that plaintiff can prove his *892 case, the appropriate inquiry at this stage in the proceedings is the sufficiency of plaintiff's allegations, not the sufficiency of his proof in support thereof.
Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., not sitting.

. Sanders named fictitious defendants in his complaint, but never substituted real parties for any fictitiously named ones. For purposes of this appeal, Judson College is the sole defendant.