HOUSTON, Justice.
Caroline T. Corbit filed this pro se action in the Circuit Court of Jefferson County. After the trial court granted the defendants’ motion to dismiss on the grounds that the complaint failed to state a cause of action upon which relief could be granted, Ms. Corbit filed an amended complaint, naming James H. Denley, as editor and as president of the company publishing the Birmingham Post-Herald newspaper, as *476 the only named defendant, even though Ms. Corbit’s brief lists the appellees as follows: “James H. Denley Editor and President The Birmingham Post-Herald on behalf of the corporation and all persons, associations of persons, firms, partnerships or corporations having either a financial interest or some other interest which could be substantially affected by the outcome of this particular case. Also included are subsidiaries, conglomerates, affiliates, and parent corporations, and any other identifiable legal entity related to a party. This includes advertisers and suppliers and lawyers serving in the proceeding.” We have concluded that we need not recuse.
In Ms. Corbit’s amended complaint, she asserted that a reporter for the Post-Herald, agreed to meet with Ms. Corbit “for the purpose of an article to be written by [the reporter] and published in the Birmingham Post-Herald newspaper” about Ms. Corbit’s life. Evidently, Ms. Corbit expected the reporter to use portions of a manuscript named “The Fat Lady Sings,” which Ms. Corbit “had written and had copyrighted,” and information that Ms. Corbit supplied in two interviews that lasted two hours. Even though Ms. Corbit relinquished her privacy and time, Mr. Denley would not allow the reporter to write the article about Ms. Corbit. Ms. Corbit further alleged that the failure to allow the article “was ... for the purpose of suppressing the news and to keep from damaging the reputations of the ‘paper’s’ main advertisers, suppliers, charities, associations of persons, firms, partnerships, or corporations having either a financial interest or some other interest which could be substantially affected by the outcome of this particular case.... The ‘paper’ was afraid of loosing [sic] advertising income should the truth be revealed about the defendants.” For this alleged affront, Ms. Corbit sought “punitive damages against defendants of 2.2% of their gross income including earned, unearned, taxable and non-taxable income along with any money from vending or coin operated machines for [Ms. Corbit, her] heirs, executors and assigns ... The money (U.S. dollars) is to be paid to [Ms. Corbit] at the location of [her] choice. Details to be worked out after the trial.”
Mr. Denley filed a Rule 12(b)(6), A.R. Civ.P. motion, which, after being orally argued, was granted; and the amended complaint was dismissed with prejudice by the trial court. Ms. Corbit then filed a motion for a temporary restraining order directing the defendants not to operate a business until authorized by the Circuit Court of Jefferson County. This was considered and overruled.
Ms. Corbit filed a notice of appeal in which she alleged that the trial court committed an act of treason because, she said, it denied Ms. Corbit her “First Amendment Right to speak out, accuse and complain just like a rich person is able to do.” Ms. Corbit correctly asserts that the 14th Amendment to the United States Constitution assures a poor person the same rights and privileges as a rich person enjoys. However, she equates the trial court’s granting of the Rule 12(b)(6) motion and the overruling of her motion for a temporary restraining order with overthrowing the “Government,” which is perhaps further than we would go, even if we held that the trial court erred.
Apparently, Ms. Corbit has attempted to plead some form of implied contract; but there is no direct allegation that Mr. Denley entered into or breached a contract. There is no allegation that Ms. Corbit ever spoke with or met Mr. Denley or had any opportunity to enter into any kind of contract with him.
“[A] complaint grounded in implied contract must state facts and circumstances — the acts and conduct of the parties from which the contract alleged can be inferred.”
Berry v. Druid City Hospital Board, 333 So.2d 796, 801 (Ala.1976). This Ms. Corbit failed to do.
In Dempsey v. Denman, 442 So.2d 63, 65 (Ala.1983), we held:
“Implicit in Conley [v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)] and our cases is the requirement that the relief to which plaintiff may be entitled *477 under a provable set of facts must be relief according to a cognizable theory of law [in order to survive a Rule 12(b)(6) motion].”
See, also, Hancock-Hazlett General Construction Co. v. Trane Co., 499 So.2d 1385, 1387 (Ala.1986).
We have carefully reviewed all of the pleadings and have meticulously reviewed Ms. Corbit’s brief, including her revelation that, because she refused to cover up a scandal about a national politician — a good friend of a former President of the United States — and to cover up her sexual harassment while working for a major hotel chain as the only woman in a department of 48 men, she had been fired and blacklisted. We can sympathize with Ms. Corbit’s belief that: “All of my horrible life needs to come out. I need to become a ‘household word.’ ” However, we have been unable to identify any cognizable theory of law that would allow Ms. Corbit to recover damages against Mr. Denley; therefore, dismissal under Rule 12(b)(6), A.R.Civ.P. was proper, Sanders v. Judson College, 514 So.2d 890 (Ala.1987); Dempsey v. Denman, supra; and the trial court did not commit treason by entering the judgment of dismissal.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and KENNEDY, JJ., concur.