SEE, Justice.
 

 James Randall Moon appeals from a partial summary judgment in favor of Mark R. Pillion on Moon’s claims alleging abuse of process and malicious prosecution against Pillion stemming from a boundary dispute between the parties. We affirm.
 

 Facts and Procedural History
 

 Moon and Pillion are owners of adjoining properties that share a common wire fence
 
 for
 
 about 616 feet. Pillion purchased his property in 1992; Moon purchased his property in 1995. At the time the parties became neighbors, the fence was in place. Around 2000, the parties replaced the wire on the fence using the existing fence posts. In June 2005, Pillion commissioned a survey of his property. The surveyor placed boundary stakes at various points along the property line that indicated that the fence deviated from the property line by as much as 18 inches onto Pillion’s property for a distance of about 425 feet. Pillion alleges that after he discovered that some of the survey stakes had been removed and tossed onto his side of the fence, he replaced the stakes and placed a 4-foot high metal “T-post” on Moon’s side of the fence to mark the property line. On June 4, 2005, Moon telephoned the Baldwin County Sheriffs Department to report that Pillion had placed a fence post on Moon’s property as a “booby trap” for Moon’s children and animals. Officer Scott Boyd responded. After discussing the matter with both parties, Officer Boyd encouraged Pillion to paint the post a bright color to prevent injury to anyone. That same day, Pillion painted the post, and Moon removed the post and placed it under his barn. Pillion then contacted Officer Boyd regarding the missing post. Officer Boyd suggested that Pillion could swear out a criminal warrant against Moon for third-degree theft for taking the post. Pillion swore out a warrant against Moon for theft of “one property boundary marker post.” After a trial, Moon was acquitted of the criminal charge, and he returned the post to Pillion.
 

 In October 2005, Moon sued Pillion in the circuit court, alleging malicious prosecution, abuse of process, and trespass and seeking a judgment declaring the existing fence to be the true boundary line between the properties. In October 2006 Pillion moved for a partial summary judgment on the tort claims. The trial court granted the motion as to the malicious-prosecution and abuse-of-proeess claims. Thereafter, Moon voluntarily dismissed his trespass claim and withdrew his jury demand on the boundary-line dispute. The trial court, after a bench trial at which it considered ore tenus evidence, ruled that Pillion’s
 
 *845
 
 deed, which the surveyor had used to place the boundary stakes, and not the fence, reflected the true boundary between the properties. Moon now appeals the partial summary judgment as to the malicious-prosecution and abuse-of-process claims.
 

 Issues
 

 Moon presents two issues on appeal. First, Moon argues that the trial court erred in entering a summary judgment on his malicious-prosecution claim because, he says, there is a genuine issue of material fact as to whether Pillion acted in good faith in swearing out the criminal warrant against Moon for theft of the post. Moon also argues that the trial court erred in entering a summary judgment on his abuse-of-process claim because, he says, there is a genuine issue of material fact as to whether Pillion used the issuance of the criminal warrant against Moon for a wrongful purpose.
 

 Standard of Review
 

 “ ‘On appeal, this Court reviews a summary judgment de novo.’
 
 DiBiasi v. Joe Wheeler Elec. Membership Corp.,
 
 988 So.2d 454, 459 (Ala.2008) (citing
 
 Ex parte Essary,
 
 992 So.2d 5, 8 (Ala.2007)). In order to uphold a summary judgment, we must determine that ‘there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P. ‘When the movant makes a prima facie showing that those two conditions have been satisfied, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact.’
 
 Blue Cross & Blue Shield of Alabama v. Hodurski,
 
 899 So.2d 949, 952 (Ala.2004). Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989);
 
 see also
 
 § 12-21-12(d), Ala. Code 1975. In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmov-ant.
 
 Johnny Ray Sports, Inc. v. Wachovia Bank,
 
 982 So.2d 1067, 1071 (Ala.2007). ‘Finally, this Court does not afford any presumption of correctness to the trial court’s ruling on questions of law or its conclusion as to the appropriate legal standard to be applied.’
 
 DiBiasi,
 
 988 So.2d at 459.”
 

 Catrett v. Baldwin County Elec. Membership Corp.,
 
 996 So.2d 196, 199 (Ala.2008).
 

 Analysis
 

 I.
 

 Moon argues that the trial court erred in entering a summary judgment on his malicious-prosecution claim because, he says, a genuine issue of material fact remains as to whether Pillion acted in good faith.
 

 “ ‘The elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage.’ ”
 
 Lee v. Minute Stop, Inc.,
 
 874 So.2d 505, 512 (Ala.2003) (quoting
 
 Cutts v. American United Life Ins. Co.,
 
 505 So.2d 1211, 1214 (Ala.1987)). However, we begin by noting that “ ‘ “ ‘[mjalicious prosecution is an action disfavored in the law.”””
 
 Lee,
 
 874 So.2d at 511 (quoting
 
 Mitchell v. Folmar & Assocs., LLP,
 
 854 So.2d 1115, 1117 (Ala.2003), quoting other cases). “ ‘The reason for such disfavor is clear: “[P]ublic policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge.” ’ ”
 
 Mitchell,
 
 854
 
 *846
 
 So.2d at 1117 (quoting
 
 Eidson v. Olin
 
 Corp., 527 So.2d 1283, 1284
 
 (Ala.1988),
 
 quoting in turn
 
 Boothby Realty Co. v. Haygood,
 
 269 Ala. 549, 554, 114 So.2d 555, 559 (1959)).
 

 Moon appears to allege that the summary judgment entered on his malicious-prosecution claim was improper because, he says, there is a genuine issue of material fact as to the second element of malicious prosecution — whether Pillion had probable cause for the issuance of a criminal warrant. “Probable cause is defined as ‘ “[a] reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.” ’ ”
 
 Eidson,
 
 527 So.2d at 1285 (quoting
 
 Parisian Co. v. Williams,
 
 203 Ala. 378, 383, 83 So. 122, 127 (1919)). This Court has stated:
 

 “The test that this Court must apply when reviewing the lack-of-probable-cause element in a malicious prosecution case in which summary judgment has been granted to a defendant is as follows: Can one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and inferences that can reasonably be drawn therefrom? If so, then summary judgment in favor of the defendant on plaintiffs malicious prosecution count would be appropriate.”
 

 Eidson,
 
 527 So.2d at 1285-86. In other words, “[i]f there are any undisputed facts of record establishing that [the defendant] had probable cause to bring the former action ... against [the plaintiff], then [the plaintiff] cannot recover for malicious prosecution and summary judgment is appropriate.”
 
 Eidson, 52,7
 
 So.2d at 1285. Moon admitted in his deposition that on June 4, 2005, after Officer Boyd had spoken with him and Pillion and Pillion had painted the post, he “went out there and [he] went to the house and got a pair of gloves and [he] pulled [the post] up .... [He] throwed it under the barn with a stack mower [he] had.” In light of the undisputed fact that Moon had telephoned the sheriff to complain about the post and that the post was removed that same day after Pillion had painted it and placed it back on Moon’s side of the fence, it is clear that Pillion had a reasonable ground for suspicion that Moon was guilty of theft of the post. Because Pillion had probable cause for swearing out the criminal warrant against Moon, Moon failed to prove lack of a probable cause for the underlying prosecution, and the summary judgment on the claim of malicious prosecution was appropriate. We, therefore, affirm the judgment of the trial court on that claim.
 

 II.
 

 Moon argues that the trial court erred in entering a summary judgment on his abuse-of-process claim because, Moon asserts, a genuine issue of material fact remains as to whether Pillion “ ‘willfully made use of [the criminal action] for a purpose not justified by law.’ ” Moon’s brief at 20 (quoting
 
 Drill Parts & Serv. Co. v. Joy Mfg. Co.,
 
 619 So.2d 1280, 1286 (Ala.1993) (citations omitted)). “This Court has held that in order to prove the tort of abuse of process, a plaintiff must prove: ‘ “(1) the existence of an ulterior purpose; 2) a wrongful use of process, and 3) malice.” ’ ”
 
 Preskitt v. Lyons,
 
 865 So.2d 424, 430 (Ala.2003) (quoting
 
 Willis v. Parker,
 
 814 So.2d 857, 865 (Ala.2001), quoting in turn
 
 C.C. & J., Inc. v. Hagood,
 
 711 So.2d 947, 950 (Ala.1998)). Moon argues two facts in support of his allegation that Pillion committed a “wrongful use of process” by “attempting to use the criminal action to resolve a civil boundary dispute.”
 
 *847
 
 Moon’s brief at 20. First, Moon alleges that when the parties were entering the courthouse on the day of the trial of the theft charge against him, he overheard Pillion tell a security guard that “he was here on a boundary line dispute.” Second, Moon argues that Pillion “misrepresented to the criminal court that [Moon] had interfered with a ‘boundary’ marker as opposed to a T-pole.” Moon’s brief at 20. We note that the T-pole apparently was used by Pillion to mark the boundary between the two properties.
 

 This Court has stated that “abuse of process will not lie [where] no result was obtained that is unlawful or improperly attainable under the law.”
 
 Dempsey v. Denman,
 
 442 So.2d 63, 65 (Ala.1983). In this case, first, even though Moon alleges that Pillion accused him of stealing a “T-pole” in an attempt to resolve a boundary dispute, the record reflects that Moon was found not guilty of the charge of theft and that the criminal prosecution had no apparent effect on the settlement of the boundary dispute. Second, even viewing the factual allegations in the light most favorable to Moon, he “has not proved that [Pillion] pursued the [criminal] action ‘to obtain a result which the [criminal] process was not intended by law to effect.’ ”
 
 Willis v. Parker,
 
 814 So.2d 857, 866 (Ala.2001) (quoting
 
 Dempsey,
 
 442 So.2d at 65). We conclude, therefore, that the trial court did not err in entering a summary judgment in favor of Pillion on Moon’s abuse-of-process claim.
 

 Conclusion
 

 Viewing the facts in the light most favorable to Moon, as we are required to do, we conclude that he has not demonstrated that there is a genuine issue of material fact as to either his claim of malicious prosecution or his claim of abuse of process. We therefore affirm the trial court’s partial summary judgment in favor of Pillion.
 

 AFFIRMED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.